UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTINA G. SCHMIDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:18-cv-108 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and ) | |
| ALMOST FAMILY, INC. LONG ) | |
| TERM DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, Christina Schmidt, by and through the undersigned counsel, Nicholas T. Lavella, files this Complaint against Life Insurance Company of North America and Almost Family Inc. Long Term Disability Plan, and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Christina Schmidt brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Christina Schmidt ("Plaintiff" or "Ms. Schmidt") is a resident of Salem, Indiana and a citizen of the State of Indiana.

3. Life Insurance Company of North America ("LINA", also known as "CIGNA" or "Defendant") issued a group insurance policy to Almost Family Inc. Long Term

Disability Plan (the "Plan", or "Defendant"), which promises to pay disability benefits to employees of Almost Family Inc. if they are unable to work due to sickness or injury.

4. As an employee of Almost Family Inc., Ms. Schmidt is a participant of the Plan.

5. The Plan is an employee benefit plan administered in the Southern District of Indiana.

6. LINA is a domestic corporation – with its headquarters and principal place of business located in Philadelphia, Pennsylvania – doing business in Indiana.

7. Venue in the Southern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. As an employee of Almost Family Inc., Ms. Schmidt worked as a Health Services Coordinator since 2011.

9. In June of 2015, Ms. Schmidt became disabled due to a complicated medical condition involving chronic obstructive pulmonary disease (COPD), migraine headaches (vestibular migraines), persistent postural-perceptual dizziness/vestibular syndrome, osteoarthritis, and bilateral avascular necrosis of the hips.

10. When she became disabled, Ms. Schmidt applied for long term disability benefits provided to Almost Family Inc. employees and insured by LINA.

11. After initially denying Ms. Schmidt's claim for benefits, LINA approved Ms. Schmidt's claim after she appealed its initial denial. LINA's reversal was based on an independent review conducted by Dr. Akshay Sood, an occupational medicine specialist. In a seven page summary of his review, Dr. Sood agreed with Ms. Schmidt's providers and plainly stated that she "cannot work in any capacity in a reasonable and consistent manner."

12. LINA began payment of Ms. Schmidt's long term disability benefits on June 11, 2015.

13. LINA reviewed Ms. Schmidt's claim under the following definition of "Disability":

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
>> *1) unable to perform the material duties of his or her Regular Occupation; and*
>> *2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*
>
> *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
>> *1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
>> *2) unable to earn 80% or more of his or her Indexed Earnings.*

14. On January 6, 2017, LINA issued a denial letter to Ms. Schmidt indicating that benefits would cease as of June 11, 2017 because Ms. Schmidt does not meet the applicable definition of "Disability" and could perform the material duties of "any occupation" for which she is or may reasonably become qualified.

15. In its denial, LINA relied upon an internal review conducted by its employees, including a medical director, a nurse case manager, a rehabilitation specialist, and two claims managers. LINA's nurse case manager's review failed to account for all of Ms. Schmidt's previous debilitating conditions, and instead evaluated her based on a recent hip replacement and consequential infection. Further, LINA's nurse case manager acknowledged that Ms. Schmidt's treating providers were in consensus that Ms. Schmidt is disabled. LINA's review of Ms. Schmidt's disability claim was deficient because it did not properly consider the medical opinions of her treating providers, such as Dr. Walz and Dr. Staab, and LINA selectively cherry-picked evidence to claim that her condition had improved.

16. On December 8, 2017, Ms. Schmidt filed an appeal to LINA's denial of benefits. With her appeal, Ms. Schmidt included updated medical evidence and a fully favorable

3

decision from the Social Security Administration, who found her disabled as of March 31, 2015.

17. LINA denied Ms. Schmidt's appeal in a letter dated March 20, 2018. In support of its denial, LINA relied upon the reviews of two medical doctors who were contracted by LINA to perform record reviews. Neither of these doctors examined Ms. Schmidt. Although LINA acknowledged that Ms. Schmidt has extensive physical limitations, it did not account for the frequency, severity, and duration of her migraines or postural dizziness.  LINA again selectively cited to Ms. Schmidt's medical records in a manner designed to unfairly deny her claim for disability benefits. While LINA acknowledged Ms. Schmidt's award of Social Security disability benefits, it failed to explain why it disagreed with the Social Security Administration's very recent decision under a very similar standard of disability.

18. Despite overwhelming evidence to support that Ms. Schmidt is disabled under the terms of the Plan, Defendants still refuse to pay her long term disability benefits. LINA failed to properly consider the opinions of her treating providers and the Social Security Administration's favorable decision. LINA abused its discretion in both its January 2017 termination of benefits and March 2018 appeal denial.

19. As a result of the denial of benefits, Ms. Schmidt continues to suffer from serious financial and emotional distress, in addition to her physically disabling conditions.

### III. CLAIM FOR RELIEF
### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

20. Since December 14, 2015, Ms. Schmidt remains unable to perform the material duties of any occupation.

21. Ms. Schmidt provided the Defendants with ample medical evidence to verify her disability under the Almost Family Inc. Long Term Disability Plan.

22. The Defendants have intentionally and without reasonable justification denied Ms. Schmidt's long term disability benefits in violation of the Almost Family Inc. Long Term Disability Plan and ERISA.

WHEREFORE, the Plaintiff, Christina Schmidt, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to long term disability benefits and order the Defendants to pay the past due benefits.

B. Finding that Plaintiff is entitled to long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

\_\_s/ Nicholas Lavella_____
Nicholas Lavella, #29337-49
Attorneys for Plaintiff
Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
(317) 926-1111
Fax: (317) 275-3008